UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDALL J. PEDERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>     v.<br><br>MELA SCIENCES, INC., JOSEPH V. GULFO, RICHARD I. STEINHART, and BREAUX CASTLEMAN,<br><br>           Defendants. | **Civil Action No. 10 Civ 8774 (JFM)** |
| AMY STEIGMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>     v.<br><br>MELA SCIENCES, INC., JOSEPH V. GULFO, RICHARD I. STEINHART, and BREAUX CASTLEMAN,<br><br>           Defendants. | **Civil Action No. 10 Civ 9024 (JFM)** |
| MARTIN SLOVE and LINDA SLOVE, Individually and On Behalf of All Others Similarly Situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>MELA SCIENCES, INC., JOSEPH V. GULFO, RICHARD I. STEINHART, and BREAUX CASTLEMAN,<br><br>           Defendants. | **Civil Action No. 11 Civ 0429 (UA)** |

**MEMORANDUM OF LAW IN SUPPORT OF MELA INVESTOR GROUP'S MOTION TO CONSOLIDATE THE RELATED ACTIONS, FOR <u>APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL</u>**

T.S.A. Realty Development L.L.C. and T.S.A. Investment L.L.C. ("T.S.A."); Martin

Slove and Linda Slove ("Slove"); Debbie Watts, Jason Watts and Amanda Watts ("Watts"); and

Curtis K. Fisher ("Fisher") (collectively "MELA Investor Group") respectfully submit this memorandum in support of their motion, pursuant to 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating all related securities class actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing T.S.A., Slove, Watts and Fisher as Lead Plaintiff of a class of purchasers of MELA Sciences, Inc. f/k/a Electro-Optical Sciences, Inc. ("MELA" or the "Company") securities including purchasers and sellers of call options and put options; (3) approving their selection of the law firm of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") and Kahn Swick & Foti, LLC ("KSF") as Co-Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

A total of at least three securities class actions[1] have been filed in the Southern District of New York. The *Pederson* and *Steigman* actions are on behalf of persons who purchased or otherwise acquired MELA common stock during the period between February 13, 2009 and November 16, 2010. The *Slove* action is on behalf of persons who purchased or otherwise acquired MELA securities including purchasers and sellers of call options and put options between February 13, 2009 and November 15, 2010 (the "Class Period").[2] All raise substantially

---

[1] The actions are entitled: *Pederson v. MELA Sciences, Inc..*, 10 Civ 8774 (JFM); *Steigman v. MELA Sciences, Inc.*, 10 Civ 9024 (JFM); and *Slove v. MELA Sciences, Inc.*, 11 Civ 0429.

[2] On November 16, 2010, before the market opened, the U.S. Food and Drug Administration ("FDA") published on its website an FDA staff report stating that it had concerns about the accuracy rate and recommended an additional study for MELA's melanoma detection device MelaFind. As the news of the FDA staff report caused MELA securities to decline approximately 54% or $3.45 on November 16, 2010, prior to the opening bell, the last date of the Class Period should be November 15, 2010, rather than November 16, 2010. However, an additional drop that occurred on November 17, 2010, may provide a basis to extend the Class Period at the amended complaint stage.

similar allegations: that defendants violated Sections 10(b) and 20(a) of the Exchange Act by issuing false and misleading financial statements during the Class Period.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the Action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). MELA Investor Group, with losses of between $488,279 and $506,952 in connection with their purchases of MELA during the Class Period, is adequate and typical to serve as lead plaintiff. MELA Investor Group believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this action. MELA Investor Group has the largest financial interest in the relief sought in this action by virtue of their substantial investments in MELA during the Class Period and the losses they suffered as a result of Defendants' misconduct. MELA Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate loss representative with claims typical of the other Class members. Accordingly, MELA Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## FACTUAL BACKGROUND

MELA's flagship product, MelaFind, features a hand-held imaging device that emits multiple wavelengths of light to capture images of suspicious pigmented skin lesions and extracts data. This product uses automatic image analysis and statistical pattern recognition to help identify lesions to be considered for biopsy to rule out melanoma.

The Company entered into a binding Protocol Agreement the FDA, which is an agreement for the conduct of the pivotal trial in order to establish the safety and effectiveness of MelaFind. The Company noted that the data accrual phase of the MelaFind pivotal trial was

completed in the third quarter of 2008 and the image processing classification algorithms were finalized in the fourth quarter.

Nevertheless, throughout the Class Period, Defendants conditioned investors to believe that FDA approval of MelaFind would be forthcoming through a host of materially false and misleading statements regarding the status of MelaFind's ongoing clinical studies, and the safety and efficacy of the Company's products. For instance, on February 13, 2009, Defendants announced "positive top-line results of its pivotal trial of MelaFind, a non-invasive, point-of-care instrument to assist in the early detection of melanoma, the deadliest form of skin cancer..."

In touting positive aspects of MelaFind, Defendants were able to, among other things: (a) deceive the investing public regarding the Company's business, operations, management, future business prospects and the intrinsic value of MELA's common stock; (b) deceive the investing public regarding MELA's business and management; (c) deceive the investing public regarding the efficacy of MelaFind and its prospects for FDA approval; (d) enable Defendants to sell almost $79 million of MELA's common stock to the public while in possession of material adverse non-public information about the Company; and (e) cause plaintiff and other members of the Class to purchase MELA common stock at artificially inflated prices.

On November 16, 2010, it was reported, in part, that MelaFind **"**could cause harm because of the potential for misdiagnosis," and that "FDA staff pointed to numerous problems with Mela's study of the device, called MelaFind, including a significant lack of data, and urged a new clinical trial."

On this news, investors were shocked to learn the truth regarding MelaFind. As a result, MELA's stock price plummeted approximately 54% or $3.45.

The following day, November 17, 2010, *TheStreet.com* also published an article entitled, "MELA Sciences is Doomed" where it stated "that the noninvasive computerized imaging device, as studied, doesn't work and may actually harm patients."

On this news, MELA's stock price fell an additional 13% to close that day at $2.53.

## ARGUMENT

### I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, where as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed…." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc*., 252 F.R.D. 188 (S.D.N.Y. 2008) (Sweet, J.).  Here, all of the related actions allege claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and all stem from the disclosures that the Company's MelaFind was unproven and could cause harm; that MELA needed a new clinical trial for the device; and that MELA would need to raise new capital.  Accordingly, consolidation of the related actions is appropriate.  *Lintz v. Agria Corp*., 2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) (consolidating actions that all alleged federal securities law violations arising out of defendants' alleged issuance of false and misleading financial statements).

## II. MELA INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re UBS Auction Rate Sec. Litig.*, 2008 U.S. Dist. LEXIS 56016 (S.D.N.Y. July 16, 2008).

As set forth below, MELA Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A. MELA Investor Group Is Willing to Serve as Class Representative

On November 22, 2010, counsel in the filed action against the defendants, styled *Pederson v. MELA Sciences, Inc. et al.*, Case No. 10 Civ 08774 (JFM), caused a notice

6

("Notice") to be published pursuant to Sections 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of MELA securities that they had until January 21, 2011, to file a motion to be appointed as Lead Plaintiff.  *See* Notice attached hereto as Exhibit 1.

MELA Investor Group has filed the instant motion pursuant to the Notice, and has attached Certifications attesting that it is willing to serve as a representative for the Class and is willing to provide testimony at deposition and trial, if necessary.  *See* Certifications attached hereto as Exhibit 2.  Accordingly, MELA Investor Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.    MELA Investor Group Has The "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Davidson v. E*Trade Fin. Corp.*, 2008 U.S. Dist. LEXIS 61265 (S.D.N.Y. July 16, 2008); *In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

As of the time of the filing of this motion, MELA Investor Group believes that it has the largest financial interest in this case among Class members who filed timely motions for appointment as lead plaintiff.  Specifically, members of the MELA Investor Group collectively purchased 106,649 shares and 1,251 puts of MELA, expended approximately $1,548,861 during the Class Period.  At the end of the Class Period, MELA Investor Group retained 75,127 MELA shares.  As a result, MELA Investor Group has suffered financial losses of approximately $506,952 under First-In-First-Out Methodology ("FIFO") and approximately $488,279 under Last-In-First-Out Methodology ("LIFO").  Because MELA Investor Group possesses the largest

financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See* Chart attached hereto as Exhibit 3. *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997).

### C. MELA Investor Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id.* Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Id.* See *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class.") (citation omitted).

MELA Investor Group's claims are typical of those of the Class. It alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning MEA, or omitted to state material facts necessary to make the statements they did make not misleading. MELA Investor Group, as did all members of the Class, purchased MELA securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

9

MELA Investor Group is an adequate representative for the Class. There is no antagonism between its interests and those of the Class and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, it has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### C.  MELA Investor Group Will Fairly and Adequately Represent Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing MELA Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Its ability and desire to fairly and adequately represent the Class have been discussed above. MELA Investor Group is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class. Accordingly, MELA Investor Group should be appointed Lead Plaintiff for the Class.

### III.  LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, MELA Investor Group has selected the Pomerantz law firm and KSF as Co-Lead Counsel. The Pomerantz and KSF firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firms' resumes. *See* Pomerantz and KSF firms' resumes attached hereto as Exhibits 4 and 5. As a result of the firms' extensive experience in litigation involving issues similar to those raised in this action, MELA Investor Group's counsel have the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving MELA Investor Group's selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, MELA Investor Group respectfully requests the Court to issue an Order (1) consolidating the related actions; (2) appointing T.S.A., Slove, Watts and Fisher as Lead Plaintiff for the Class; (3) approving the Pomerantz and KSF firms as Co-Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   January 21, 2011
         New York, New York

                                        Respectfully submitted,

                                        **POMERANTZ HAUDEK
                                         GROSSMAN & GROSS LLP**

                                        /s/ Marc I. Gross
                                        Marc I. Gross
                                        Jeremy A. Lieberman
                                        100 Park Avenue
                                        New York, New York 10017
                                        Telephone: (212) 661-1100
                                        Facsimile: (212) 661-8665

**POMERANTZ HAUDEK
  GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone:     (312) 377-1181
Facsimile:      (312) 377-1184

**KAHN SWICK & FOTI, LLC**
Lewis S. Kahn
206 Covington Street
Madisonville LA 70447
Toll Free: (866) 467-1400
Phone: (504) 455-1400
Fax: (504) 455-1498

**KAHN SWICK & FOTI, LLC**
Kim E. Miller
Melissa Ryan Clark
500 5th Avenue, Suite 1810
New York, New York 10110
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

Counsel for Lead Plaintiff Movants T.S.A. Realty Development L.L.C. and T.S.A. Investment L.L.C.; Martin Slove and Linda Slove; Debbie Watts, Jason Watts, and Amanda Watts; and Curtis K. Fisher and Proposed Lead Counsel for the Class

12